UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ANNA MARIE W., ) <br> ) <br> PLAINTIFF ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ACTING ) <br> COMMISSIONER, SOCIAL SECURITY ) <br> ADMINISTRATION, ) <br> ) <br> DEFENDANT ) | CIVIL NO. 1:20-CV-446-DBH |

ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

On October 13, 2021, the United States Magistrate Judge filed with the court, with copies to counsel, his Report and Recommended Decision. The plaintiff filed an objection to the Recommended Decision on October 27, 2021. I concur with the recommendations of the Magistrate Judge for the reasons below, and determine that no further proceeding is necessary.

The Magistrate Judge wrote a 10-page Report and Recommended Decision assessing and rejecting the plaintiff's challenge to the Administrative Law Judge's decision to deny Plaintiff's request for disability benefits. (ECF No. 27). Congress has directed that:

> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of

> *those portions of the report or specified proposed findings or recommendations to which objection is made.*

28 U.S.C. § 636(b)(1)(C) (emphasis added).  Here the Magistrate Judge stated at the end of his Report and Recommended Decision that "[a] party may file objections to those *specified portions* of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought . . . ."  Recommended Dec. at 10 (emphasis added).

After the Recommended Decision was docketed and provided to the parties via ECF, the plaintiff then filed what she called "Plaintiff's Brief Against Report and Recommended Decision" (ECF No. 28).  But nowhere in her "Brief" does she even *mention* the content of the Magistrate Judge's decision.  Instead, her entire focus is on the underlying Administrative Law Judge's decision.  In other words, the plaintiff treats the Magistrate Judge's 10-page Report and Recommended Decision as a nullity and asks me to review the Administrative Law Judge's decision without regard to the Magistrate Judge's analysis.  That I will not do.  It would make the Magistrate Judge's role pointless.  The First Circuit has said that a party must object to the magistrate judge's treatment of an issue in order to avoid waiving de novo review of that issue.  United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988) ("We agree that only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal."); see also

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (requiring that courts must "give clear notice to litigants not only of the requirements that objections *must be specific* and be filed within ten days . . ., but that failure to file within the time allowed waives the right to appeal the district court's order . . . [and that such notice should be] incorporated into the text or a footnote of the magistrate's report and recommendation." (emphasis added)).  The Magistrate Judge here provided this precise notice.  The plaintiff pointedly ignored it.[1]  But I decline to ignore the Magistrate Judge's analysis as the plaintiff has done.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  The Commissioner's decision is **AFFIRMED**.

**SO ORDERED.**

**DATED THIS 15TH DAY OF NOVEMBER, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Tellingly, the plaintiff opens her filing by calling it "additional arguments."  Plaintiff's Brief Against Report and Recommended Decision at 1.